*350 CRICHTON, J.,
additionally concurs and assigns reasons.
|nI agree with the majority that the version of La. C.Cr.P. art. 890.1 in effect at the time of sentencing applies in this case, and the court of appeal erred in finding otherwise. I write separately to address this Court’s opinion in State v. Oliphant, 12-1176 (La. 3/19/13), 113 So.3d 165. Specifically, I agree with the court of appeal insofar as it ruled that Oliphant itself should not be applied retroactively, to the extent that Oliphant’s ruling could be interpreted as re-categorizing vehicular homicide as a “crime of violence,” therefore precluding vehicular homicide offenders from being treated under the less onerous good time and parole provisions of R.S. 15:571.3 or R.S. 15:574.4. To apply this jurisprudential designation retroactively would, in my view, violate the state and federal Ex Post Facto Clauses. See U.S. Const, art. I, § 9-10 and La. Const, art. I, § 2